E-FILED
Monday, 10 June, 2013 04:35:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GILLES K. KOUASSI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| WESTERN ILLINOIS UNIVERSITY, | ) |
| a University Chartered and Authorized | ) |
| Under the Board of Governors for State, | ) |
| Universities, ROSE McCONNELL and | ) |
| SUSAN MARTINELLI-FERNANDEZ, | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

Now comes the plaintiff Gilles K. Kouassi, by and through his attorneys, Katz, Huntoon & Fieweger, P.C., and for his Complaint at law against the defendant Western Illinois University, a University Chartered and Authorized Under the Board of Governors for State Universities (hereinafter referred to as "WIU"), and in support thereof states as follows:

## COMMON ALLEGATIONS

1. That Gilles K. Kouassi is a resident of Macomb, McDonough County, Illinois.

2. That Western Illinois University is a public university chartered in the northwest to operate under this authority from the Illinois Board of Governors and operates a University of higher education in Macomb, McDonough, Illinois.

3. That this court has subject matter jurisdiction over these claims pursuant to federal jurisdiction, 29 U.S.C. § 1331, and under 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

4. That at all times material hereto plaintiff Gilles K. Kouassi was a citizen of the Country of Ivory Coast and is here in the United States pursuant to a valid permanent civilian resident status.

5. That the plaintiff Gilles K. Kouassi has previously filed a charge of discrimination with the Illinois Department of Human Rights and with the Equal Employment Opportunity Commission, Chicago Office, and has been issued his right to sue letter. Exhibit 1, a true and correct copy of the right to sue letter issued by the Chicago Office of the EEOC, is attached hereto and made a part of this Complaint.

## COUNT I – RACE DISCRIMINATION IN EMPLOYMENT
## VIOLATION OF 42 U.S.C. § 2000e, *ET SEQ*.

1 – 5. Plaintiff repeats and realleges paragraphs 1 through 5 of the Common Allegations as paragraphs 1 through 5 herein.

6. That the plaintiff Gilles K. Kouassi is a dark skinned African who has at all times material to this cause of action performed his duties in a manner that met the legitimate non-discriminatory expectations of his employer, WIU.

7. That the plaintiff became employed by WIU in April 2007.

8. That despite performing his duties as a professor at WIU in a manner that met the legitimate non-discriminatory ways, defendant WIU, by and through its managers, and in particular, its faculty department chair, Rose McConnell, and the Dean of the College of Arts and Science, Susan Martinelli-Fernandez, have discriminated on the basis of his race in that they have denied him performance awards, have assigned him to classroom duties and then prevented him from being able to work physically within the classrooms assigned, and have rejected his research published in peer reviewed science publications which other similarly situated non-dark skin African employees in WIU Department of Science have not incurred.

9. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of race, plaintiff has sustained damages equal to lost monetary damages due to his failure to receive awards, has suffered substantial embarrassment damage to her professional reputation and emotional distress damages, and is entitled to compensatory damages under 42 U.S.C. § 1983a, all to an amount in excess of $75,000.00.

10. That plaintiff is also entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University for an amount in excess of $75,000.00 in compensatory damages and further, order injunctive relief including ordering the defendant to approve his peer reviewed articles, order payment of the award bonuses earned and order recovery of attorneys' fees and expert witness' fees and costs plus any equitable relief the court deems necessary and appropriate.

### COUNT II – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *ET SEQ*.

1 – 5. Plaintiff repeats and realleges paragraphs 1 through 5 of the Common Allegations as paragraphs 1 through 5 herein.

6. That plaintiff is a citizen of the Ivory Coast and at all times material to this cause of action performed his duties as a professor in WIU's Department of Science in a manner that met the legitimate non-discriminatory expectations of his employer.

7. That despite such performance, defendant WIU, by its department chair, Rose McConnell, its Dean of the College of Arts and Science, Susan Martinelli-Fernandez, and others, have intentionally discriminated against the plaintiff on the basis of his national origin in that they have denied him performance awards, has prevented him from performing his teaching

duties and have required him to submit more peer reviewed science articles than is required of other non-foreign professorships in order to be considered for promotional opportunities such as promotion to Associate Professor.

8. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of race, plaintiff has sustained damages equal to lost monetary damages due to his failure to receive awards, has suffered substantial embarrassment damage to her professional reputation and emotional distress damages, under 42 U.S.C. § 1983a, and is entitled to compensatory damages, all to an amount in excess of $75,000.00.

9. That plaintiff is also entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University for an amount in excess of $75,000.00 in compensatory damages and further, order injunctive relief including ordering the defendant to approve his peer reviewed scientific articles, order payment of the award bonuses earned and order recovery of attorneys' fees and expert witness' fees and costs plus any equitable relief the court deems necessary and appropriate.

## COUNT III – RETALIATION
## IN VIOLATION OF 42 U.S.C. § 2000e-3

1 – 5. Plaintiff repeats and realleges paragraphs 1 through 5 of the Common Allegations as paragraphs 1 through 5 herein.

6. That the plaintiff Gilles K. Kouassi is a dark skin African who has at all times material to this cause of action performed his duties in a manner that met the legitimate non-discriminatory expectations of his employer, WIU.

7. That beginning in November 2011, plaintiff began to complain of acts of race and national origin discrimination to upper managing faculty, which resulted in the subsequent creation of a hostile work environment by the Department of Chemistry Chair Person, Rose McConnell, and Dr. Susan Martinelli-Fernandez, Dean of the College of Arts and Sciences.

8. That thereafter, plaintiff Gilles K. Kouassi has been subject to retaliation by the Department Chair Rose McConnell and also by the Dean of the College of Arts and Science, Susan Martinelli-Fernandez, in that he has been denied promotional opportunities, he has been denied a performance award, and he has been subject to unequal treatment in his applications for a promotion to Associate Professor status.

9. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of race, plaintiff has sustained damages equal to lost monetary damages due to his failure to receive awards, has suffered substantial embarrassment damage to her professional reputation and emotional distress damages, and is entitled to compensatory damages under 42 U.S.C. § 1983a, all to an amount in excess of $75,000.00.

10. That plaintiff is entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University in an amount in excess of $75,000.00 plus an additional amount equal to his attorneys' fees and expert witness' fees plus the costs of this action, and for compensatory damages.

## COUNT IV – RACE DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 1981

1 – 5.   Plaintiff repeats and realleges paragraphs 1 through 5 of the Common Allegations as paragraphs 1 through 5 herein.

6.   That despite performing his duties as a professor at WIU in a manner that met the legitimate non-discriminatory ways, defendant WIU, by and through its managers, and in particular, its faculty department chair, Rose McConnell, and the Dean of the College of Arts and Science, Susan Martinelli-Fernandez, have discriminated on the basis of his race in that they have denied him performance awards, have assigned him to classroom duties and then prevented him from being able to work physically within the classrooms assigned, and have rejected his research published in peer reviewed publications which other similarly situated non-dark skin African employees in WIU Department of Science have not incurred.

7.   That the defendant, by and through its managerial employees, discriminated on the basis of his race as a dark skinned African by denying him tenure despite the fact that he was qualified to be considered and did in fact meet the standards for a tenure as a professor at WIU and, in particular, defendants' agents changed the criteria for which plaintiff's application for tenure would be considered when compared to the standards that non-protected group employees were considered.

8.   That as the direct and proximate result of the denial of tenure, plaintiff is only to be employed as an associate professor at the defendant through the 2013-2014 school year.  Exhibit 2, a true and correct copy of the May 3, 2012 letter from Dr. Jack Thomas, is attached hereto and made a part of this Complaint.

9. That as a direct and proximate result of one or more of the intentional acts of race discrimination, plaintiff was denied tenure and has sustained damages equal to his loss of income in the future, his lost pension rights, his lost fringe benefits, including contributions to his retirement, and providing of health insurance, has suffered damages to his professional reputation, suffered embarrassment and severe emotional distress, all to his damages in an amount in excess of $75,000.00.

10. That plaintiff is entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University in an amount in excess of $75,000.00 plus an additional amount equal to his attorneys' fees and expert witness' fees plus the costs of this action, and equitable relief, including ordering the defendant to grant plaintiff full tenure as a professor in the Chemistry Department of the defendant's Western Illinois University College of Arts and Sciences, or in lieu thereof, front pay damages through retirement.

### COUNT V – RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT ROSE McCONNELL IN VIOLATION OF 42 U.S.C. § 1981

1 – 5. Plaintiff repeats and realleges paragraphs 1 through 5 of the Common Allegations as paragraphs 1 through 5 herein.

6. That the defendant Rose McConnell has served as the Chair of the Chemistry Department and the College of Arts and Science of the defendant WIU at all times relevant to this cause of action.

7. That beginning in 2011, the defendant Rose McConnell began to discriminate on the basis of race in violation of 42 U.S.C. § 1981 against the defendant plaintiff in that she began to criticize his teaching abilities and, in particular, criticizing his foreign accent, has changed the criteria for qualifications for obtaining an associate professor's position and despite that once plaintiff obtained the associate professorship position, then began to discriminate against plaintiff on the basis of his race, African, when she subsequently during fall of 2012 changed the criteria for qualifications for tenure and improperly disqualified numerous plaintiff's peer reviewed scientific articles as qualified articles for consideration before the tenure committees.

8. That the defendant McConnell's actions were done with malice in that she was opposed to plaintiff obtaining the associate professor position and when the decision to override her opposition was made, she began to retaliate by changing the well-established criteria for obtaining tenure including disqualification of peer reviewed scientific articles that had previously been approved by the defendant WIU and granting plaintiff an associate professorship position.

9. That defendant McConnell's actions adversely affected the committee's and Dr. Jack Thomas' decision to deny plaintiff tenure and thereby resulted in plaintiff having his contract for continued employment terminated after the 2013-2014 school year.

10. That as a direct and proximate result of defendant McConnell's acts of discrimination and retaliation, plaintiff has sustained damages equal to loss of employment after the 2013-2014 school term, has lost performance awards, has suffered damages to his professional reputation, embarrassment and severe emotional distress, all to his damages in an amount in excess of $75,000.00.

11. That defendant McConnell is liable to the plaintiff for his reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 1981a and 42 U.S.C. § 1988.

12. That in addition, plaintiff is entitled to recover punitive or exemplary damages against the defendant McConnell due to her acts which were committed with the deliberate intent to deny plaintiff his rights to be free from race discrimination when the decision to deny tenure was made thereby entitling plaintiff to recover punitive or exemplary damages in an amount in excess of $75,000.00 plus the costs of this action.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Rose McConnell in an amount in excess of $75,000.00 in compensatory damages, an additional amount in excess of $75,000.00 of punitive damages, plus an award of his attorneys fees and expert witness fees and the costs of this action.

### COUNT VI – RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT SUSAN MARTINELLI-FERNANDEZ IN VIOLATION OF 42 U.S.C. § 1981

1 – 5. Plaintiff repeats and realleges paragraphs 1 through 5 of the Common Allegations as paragraphs 1 through 5 herein.

6. That the defendant Susan Martinelli-Fernandez has served as the Dean of the College of Arts and Science of the defendant WIU at all times relevant to this cause of action.

7. That beginning in 2011, the defendant Susan Martinelli-Fernandez began to discriminate on the basis of race in violation of 42 U.S.C. § 1981 against the defendant plaintiff in that she began to criticize his teaching abilities and, in particular, criticizing his foreign accent, has changed the criteria for qualifications for obtaining an associate professor's position and despite that once plaintiff obtained the associate professorship position, then began to discriminate against plaintiff on the basis of his race, African, when she subsequently during fall of 2012 changed the criteria for qualifications for tenure and improperly disqualified numerous

plaintiff's peer reviewed scientific articles as qualified articles for consideration before the tenure committees.

8. That the defendant Martinelli-Fernandez's actions were done with malice in that she was opposed to plaintiff obtaining the associate professor position and when the decision to override her opposition was made, she began to retaliate by changing the well-established criteria for obtaining tenure including disqualification of peer reviewed scientific articles that had previously been approved by the defendant WIU and granting plaintiff an associate professorship position.

9. That defendant Martinelli-Fernandez's actions adversely affected the committee's and Dr. Jack Thomas' decision to deny plaintiff tenure and thereby resulted in plaintiff having his contract for continued employment terminated after the 2013-2014 school year.

10. That as a direct and proximate result of defendant Martinelli-Fernandez's acts of discrimination and retaliation, plaintiff has sustained damages equal to loss of employment after the 2013-2014 school term, has lost performance awards, has suffered damages to his professional reputation, embarrassment and severe emotional distress, all to his damages in an amount in excess of $75,000.00.

11. That defendant Martinelli-Fernandez is liable to the plaintiff for his reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 1981a and 42 U.S.C. § 1988.

12. That in addition, plaintiff is entitled to recover punitive or exemplary damages against the defendant Martinelli-Fernandez due to her acts which were committed with the deliberate intent to deny plaintiff his rights to be free from race discrimination when the decision to deny tenure was made thereby entitling plaintiff to recover punitive or exemplary damages in an amount in excess of $75,000.00 plus the costs of this action.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Susan Martinelli-Fernandez in an amount in excess of $75,000.00 in compensatory damages, an additional amount in excess of $75,000.00 of punitive damages, plus an award of his attorneys fees and expert witness fees and the costs of this action.

> GILLES K. KOUASSI, Plaintiff
>
> By: /s/Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  sfieweger@katzlawfirm.com
s:\wp\worddoc\18131001.01Complaint