UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GILLES K. KOUASSI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | ) No. 13-1265-JBM-JAG |
| | ) |
| WESTERN ILLINOIS UNIVERSITY, | ) |
| a University Chartered and Authorized | ) |
| Under the Board of Governors for State, | ) |
| Universities, ROSE McCONNELL and | ) |
| SUSAN MARTINELLI-FERNANDEZ, | ) |
| | ) |
|    Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Now comes the plaintiff Gilles K. Kouassi, by and through his attorneys, Katz, Huntoon & Fieweger, P.C., and for his First Amended Complaint at law against the defendants Western Illinois University, a University Chartered and Authorized Under the Board of Governors for State Universities (hereinafter referred to as "WIU"), Rose McConnell and Susan Martinelli-Fernandez and in support thereof states as follows:

**COMMON ALLEGATIONS**

1. That Gilles K. Kouassi holds a PhD. in Food Chemistry from University of Helsinki in Finland, and is a resident of Macomb, McDonough County, Illinois.

2. That Western Illinois University is a public university chartered in the northwest to operate under this authority from the Illinois Board of Governors and operates a University of higher education in Macomb, McDonough, Illinois.

3. That this court has subject matter jurisdiction over these claims pursuant to federal jurisdiction, 29 U.S.C. § 1331, and under 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

4. That at all times material hereto plaintiff Gilles K. Kouassi was a native of the Country of Ivory Coast and is here in the United States pursuant to a valid permanent civilian resident status.

5. That the plaintiff Gilles K. Kouassi has previously filed a charge of discrimination with the Illinois Department of Human Rights and with the Equal Employment Opportunity Commission, Chicago Office, and has been issued his right to sue letter. Exhibit 1, a true and correct copy of the right to sue letter issued by the Chicago Office of the EEOC, is attached hereto and made a part of this Amended Complaint.

6. That on May 29, 2013 plaintiff filed his Charge of Discrimination and retaliation with the Department of Illinois Human Rights and EEOC and has been issued his right to sue letter. Exhibit 2, a true and correct copy of the signed right to sue letter is attached hereto and made a part of this First Amended Complaint.

## COUNT I – RACE DISCRIMINATION IN EMPLOYMENT VIOLATION OF 42 U.S.C. § 2000e, *ET SEQ.*

1 – 6. Plaintiff repeats and realleges paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7. That the plaintiff Gilles K. Kouassi is a dark skinned African.

8. That the plaintiff became employed by WIU in April 2007, after serving as postdoctoral researcher at the Pennsylvania State University, PA.

9. That the plaintiff is an exceptional chemistry professor at WIU, and before he started being discriminated against he received the WIU "Professional Achievement Award" (PAA)

which is based on records of excellence in teaching, research, and services in the years 2009 and 2011. Furthermore, records of several probationary evaluation portfolios attested that the plaintiff boosted students' enrollment for four courses.

10.  That, in addition to his career as a successful chemistry professor, Plaintiff also excelled in research, with over 20 peer reviewed publications in international journals, one of which was ranked the number one most accessed article in all American Chemical Society journals, and at least 56 presentations at national and international scientific meetings.

11.  That despite performing his duties as a professor at WIU in a manner that complied with the university's written requirements for teaching, research, and services, defendant WIU, by and through its managers, and in particular, its faculty department chair, Rose McConnell, and the Dean of the College of Arts and Science, Susan Martinelli-Fernandez, have discriminated on the basis of his race in that they have denied him performance awards in 2012 and by rejecting his peer-reviewed research publications (some of which were previously accepted by the same evaluators in previous evaluations), which other similarly situated non-dark skin African employees in WIU Department of Chemistry have not incurred.

12.  That despite performing his duties as a professor at WIU, in a manner that complied with the written requirements for teaching, research, and services at WIU's Department of Chemistry, and met its legitimate non-discriminatory expectations, defendant WIU, by and through its managers, and in particular, its faculty department chair, Rose McConnell, have discriminated on the basis of his race in that they have assigned him to classroom duties and then ordered a change in the lock for the classroom assigned, preventing him from physically enter the classroom and efficiently perform his teaching duties.

13. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of race, plaintiff has sustained damages equal to lost monetary damages due to his failure to receive awards, has suffered substantial embarrassment damage to his professional reputation and emotional distress damages, and is entitled to compensatory damages under 42 U.S.C. § 1983a, all to an amount in excess of $75,000.00.

14. That plaintiff is also entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University for an amount in excess of $75,000.00 in compensatory damages and further, order injunctive relief including ordering the defendant to approve his peer reviewed articles, order payment of the award bonuses earned and order recovery of attorneys' fees and expert witness' fees and costs plus any equitable relief the court deems necessary and appropriate.

### COUNT II – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *ET SEQ*.

1 – 6. Plaintiff repeats and realleges paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7. That plaintiff is a native of the Ivory Coast and lawful permanent resident of the United States of America and at all times material to this cause of action performed his duties as a professor in a manner that complied with the written requirements for teaching, research, and services at WIU's Department of Chemistry.

8. That the plaintiff is an exceptional chemistry professor at WIU, and prior to being discriminated against he received the WIU "Professional Achievement Award" (PAA) which is

based on records of excellence in teaching, research, and services in the years 2009 and 2011. Furthermore, records of several probationary evaluation portfolios attested that the plaintiff teaching increased students' enrollment for four courses in the Chemistry Department.

9. That, in addition to his career as a successful chemistry professor, Plaintiff also excelled in research, with over 20 peer reviewed publications in international journals, one of which was ranked number one most accessed article in all American Chemical Society journals, and at least 56 presentations at national and international scientific meetings.

10. That despite plaintiff's exceptional teaching and research performance, defendant WIU, by and through its managers, and in particular, its department chair, Rose McConnell, its Dean of the College of Arts and Science, and Susan Martinelli-Fernandez, intentionally discriminated against the plaintiff on the basis of his national origin in that it used his accent, which is a characteristic of his national origin group, to prevent from applying for promotional opportunities. Furthermore, defendant WIU, by and through its managers, and in particular, its department chair, Rose McConnell, made humiliating statements in writing on the plaintiff's accent, while simultaneously acknowledging that his accent did not prevent him from performing his teaching duties.

11. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of race, plaintiff has sustained damages equal to lost monetary damages due to his failure to receive awards, has suffered substantial embarrassment damage to his professional reputation and emotional distress damages, under 42 U.S.C. § 1983a, and is entitled to compensatory damages, all to an amount in excess of $75,000.00.

12. That plaintiff is also entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University for an amount in excess of $75,000.00 in compensatory damages and further, order injunctive relief including ordering the defendant to approve his peer reviewed scientific articles, order payment of the award bonuses earned and order recovery of attorneys' fees and expert witness' fees and costs plus any equitable relief the court deems necessary and appropriate.

## COUNT III – RETALIATION
## IN VIOLATION OF 42 U.S.C. § 2000e-3

1 – 6.  Plaintiff repeats and realleges paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7. That the plaintiff Gilles K. Kouassi is a dark skinned African native of the Ivory Coast and lawful permanent resident of the United States of America who has at all times material to this cause of action performed his in a manner that complied with the requirements of his employer, WIU, in particular, with the written requirements for teaching, research, and services at WIU's Department of Chemistry.

8. That the plaintiff became employed by WIU in April 2007, after serving as a postdoctoral researcher at the Pennsylvania State University, PA.

9. That the plaintiff is an exceptional chemistry professor at WIU, and prior to being discriminated against he received the WIU  "Professional Achievement Award" (PAA) which is based on records of excellence in teaching, research, and services in the years 2009 and 2011.

Furthermore, records of several probationary evaluation portfolios attested that the plaintiff teaching increased students' enrollment for four courses in the Chemistry Department.

10. That, in addition to his career as a successful chemistry professor, Plaintiff also excelled in research, with over 20 peer reviewed publications in international journals, one of which was ranked number one most accessed article in all American Chemical Society journals, and at least 56 presentations at national and international scientific meetings.

11. That, beginning in the fall 2011, plaintiff began to complain of acts of race and national origin discrimination to upper management faculty and university officials including the President and the Provost, which resulted in the subsequent creation of a hostile work environment by the Department of Chemistry Chairperson, Rose McConnell.

12. That, since he reported discriminatory acts, the plaintiff has been subjected to retaliation by the defendant WIU, by and through its managers, and in particular, by the Department Chair Rose McConnell and also by the Dean of the College of Arts and Science, Susan Martinelli-Fernandez, in that he has been denied promotional opportunities, he has been denied a performance award, and he has been subject to unequal treatment in his applications for a promotion to Associate Professor status.

13. That, as retaliation for the discrimination charges he filed, the plaintiff was denied tenure and was wrongfully terminated at the end of the 2012-2013 school year, while WIU's rules allow a full academic year of employment following any denial of tenure. Exhibit 3, a true and correct copy of the May 3, 2013 letter from Dr. Jack Thomas, is attached hereto and made a part of this First Amended Complaint. A later decision letter from WIU Board of Trustees terminated the plaintiff's employment at the end of the 2013-2014 school year.

14. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of race and national origin, plaintiff has sustained damages equal to lost monetary damages due to his failure to receive awards, has suffered substantial embarrassment damage to his professional reputation and emotional distress damages, and is entitled to compensatory damages under 42 U.S.C. § 1983a, all to an amount in excess of $75,000.00.

15. That plaintiff is entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University in an amount in excess of $75,000.00 plus an additional amount equal to his attorneys' fees and expert witness' fees plus the costs of this action, and for compensatory damages.

## COUNT IV – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

1 – 6. Plaintiff repeats and realleges paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7. That despite performing his duties as a professor at WIU in a manner that met the legitimate non-discriminatory ways, defendant WIU, by and through its managers, and in particular, its faculty department chair, Rose McConnell, and the Dean of the College of Arts and Science, Susan Martinelli-Fernandez, have discriminated on the basis of his race in that they have denied him performance awards, have assigned him to classroom duties and then prevented him from being able to work physically within the classrooms assigned, and have rejected his

research published in peer reviewed publications which other similarly situated non-dark skinned African employees in WIU Department of Science have not incurred.

8. That the defendant, by and through its managerial employees, discriminated on the basis of his race as a dark skinned African by denying him tenure despite the fact that he was qualified to be considered and did in fact meet the standards for a tenure as an Associate Professor at WIU. Further, defendants' agents changed the criteria for which plaintiff's application for tenure would be considered when compared to the standards that non-protected group employees were considered.

9. That as a direct and proximate result of one or more of the intentional acts of race discrimination and retaliation, plaintiff was denied tenure and has sustained damages equal to his loss of income in the future, his lost pension rights, his lost fringe benefits, including contributions to his retirement, and employer provided health insurance coverage, has suffered damages to his professional reputation, suffered embarrassment and severe emotional distress, all to his damages in an amount in excess of $75,000.00.

10. That plaintiff is entitled to recover his attorneys' fees and expert witness' fees pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Western Illinois University in an amount in excess of $75,000.00 plus an additional amount equal to his attorneys' fees and expert witness' fees plus the costs of this action, and equitable relief, including ordering the defendant to grant plaintiff full tenure as a professor in the Chemistry Department of the defendant's Western Illinois

University College of Arts and Sciences, or in lieu thereof, front pay damages through retirement.

## COUNT V – RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT ROSE McCONNELL IN VIOLATION OF 42 U.S.C. § 1981

1 – 6.   Plaintiff repeats and realleges paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7.   That the defendant Rose McConnell has served as the Chair of the Chemistry Department and the College of Arts and Science of the defendant WIU at all times relevant to this cause of action.

8.   That beginning in 2011, the defendant Rose McConnell began to discriminate on the basis of race in violation of 42 U.S.C. § 1981 against the defendant plaintiff in that she began to criticize his foreign accent, and to discriminate against plaintiff on the basis of his race, when she subsequently during fall of 2012 created a non-contractual unapproved evaluation tool to evaluate the plaintiff's for qualifications for tenure and improperly disqualified numerous of plaintiff's peer reviewed scientific articles as qualified articles for consideration before the tenure committees.

9.   That the defendant McConnell began to retaliate by disqualifying the plaintiff's peer reviewed scientific articles that had previously been approved by the defendant WIU.

10.   That defendant McConnell's actions adversely affected the tenure committee's and Dr. Jack Thomas' decision to deny plaintiff tenure and thereby resulted in plaintiff having his contract for continued employment terminated after the 2013-2014 school year.

11. That as a direct and proximate result of defendant McConnell's acts of discrimination and retaliation, plaintiff has sustained damages equal to loss of employment after the 2013-2014 school term, has lost performance awards, has suffered damages to his professional reputation, embarrassment and severe emotional distress, all to his damages in an amount in excess of $75,000.00.

12. That defendant McConnell is liable to the plaintiff for his reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 1981a and 42 U.S.C. § 1988.

13. That in addition, plaintiff is entitled to recover punitive or exemplary damages against the defendant McConnell due to her acts which were committed with the deliberate intent to deny plaintiff his rights to be free from race discrimination when the decision to deny tenure was made thereby entitling plaintiff to recover punitive or exemplary damages in an amount in excess of $75,000.00 plus the costs of this action.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Rose McConnell in an amount in excess of $75,000.00 in compensatory damages, an additional amount in excess of $75,000.00 of punitive damages, plus an award of his attorneys fees and expert witness fees and the costs of this action.

### COUNT VI – RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT SUSAN MARTINELLI-FERNANDEZ IN VIOLATION OF 42 U.S.C. § 1981

1 – 6.  Plaintiff repeats and realleges paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7. That the defendant Susan Martinelli-Fernandez has served as the Dean of the College of Arts and Science of the defendant WIU at all times relevant to this cause of action.

8. That beginning in 2011, the defendant Susan Martinelli-Fernandez began to discriminate on the basis of race in violation of 42 U.S.C. § 1981 against the defendant plaintiff in that she began to criticize his teaching abilities, and, in particular, criticizing his foreign accent despite his excellent records.

9. That the defendant Martinelli-Fernandez retaliated by disqualifying the plaintiff's peer reviewed scientific articles that had previously been approved by the defendant WIU.

10. That defendant Martinelli-Fernandez's ignored the positive recommendations for Tenure made by the College Personal Committee, which included faculty members from the College of Arts and Science at WIU.

11. That defendant Martinelli-Fernandez's actions adversely affected the University-level committee's and Dr. Jack Thomas' decision to deny plaintiff tenure and thereby resulted in plaintiff having his contract for continued employment terminated after the 2013-2014 school year.

12. That as a direct and proximate result of defendant Martinelli-Fernandez's acts of discrimination and retaliation, plaintiff has sustained damages equal to loss of employment after the 2013-2014 school term, has lost performance awards, has suffered damages to his professional reputation, embarrassment and severe emotional distress, all to his damages in an amount in excess of $75,000.00.

13. That defendant Martinelli-Fernandez is liable to the plaintiff for his reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 1981a and 42 U.S.C. § 1988.

14. That in addition, plaintiff is entitled to recover punitive or exemplary damages against the defendant Martinelli-Fernandez due to her acts which were committed with the

deliberate intent to deny plaintiff his rights to be free from race discrimination when the decision to deny tenure was made thereby entitling plaintiff to recover punitive or exemplary damages in an amount in excess of $75,000.00 plus the costs of this action.

WHEREFORE, plaintiff Gilles K. Kouassi hereby requests this court enter judgment in his favor and against the defendant Susan Martinelli-Fernandez in an amount in excess of $75,000.00 in compensatory damages, an additional amount in excess of $75,000.00 of punitive damages, plus an award of his attorneys fees and expert witness fees and the costs of this action.

## COUNT VII – RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT WESTERN ILLINOIS UNIVERSITY IN VIOLATION OF 42 U.S.C. § 2000e-3 – FAILURE TO AWARD TENURE

1 – 4. Plaintiff repeats and realleges paragraphs 1 through 4 of the Common Allegations as paragraphs 1 through 4 herein.

5. That the plaintiff Gilles K. Kouassi filed a second charge of discrimination with the Illinois Department of Human Rights and the EEOC which was received by the EEOC on or about May 31, 2013 in connection with his denial of tenure on May 3, 2013 by defendant Western Illinois University.

6. Plaintiff has been issued his right to sue letter. Exhibit 2, a true and correct copy of the right to sue letter issued by the EEOC dated August 16, 2013, which was received by plaintiff on August 19, 2013, is attached hereto and made a part of this First Amended Complaint.

7. That since the filing of plaintiff's original Charge of Discrimination and Retaliation on October 19, 2012, plaintiff was further subjected to discrimination on the basis of his race and

retaliated against for his prior pursuit of discrimination charge that he was denied tenure on or about May 3, 2013 despite being fully qualified for a tenured professor position.

8. Despite being promoted to associate professor in May, 2012, having met the tenure requirements established by the department criteria of the Chemistry Department, defendant Western Illinois University denied plaintiff tenure.

9. The contractually approved criteria for tenure and promotion are identical, thus plaintiff, based on the properly considered department criteria in evaluating his submitted tenure documentation, should have been granted tenure.

10. Plaintiff is the only professor to have been promoted to Associate Professor at Western Illinois having met the department criteria in the Chemistry Department who was not subsequently awarded tenure.

11. Instead, Western Illinois racially discriminated and/or retaliated against plaintiff for his prior filing of an EEOC charge of discrimination by developing and utilizing a new Rubric for evaluation outside of the previously contractually established department criteria to deny plaintiff tenure.

12. In addition, despite having been promoted to associate professor in 2012, Western Illinois University sent a letter from its president, stating that he was being denied promotion, when in fact he was being denied tenure since he had already been promoted.

13. That as a direct and proximate result of one or more of the above acts of intentional discrimination and retaliation on the basis of national origin/race, plaintiff has sustained damages equal to loss of monetary damages due to his failure to be granted tenure, has suffered substantial

embarrassment to his professional reputation and emotional distress damages, and is entitled to compensatory damages under 42 U.S.C. § 1983(a), all to an amount in excess of $75,000.00.

14.   Plaintiff is also entitled to recover his attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, plaintiff Gilles Kouassi hereby requests the court enter judgment in his favor and against defendant Western Illinois University in an amount in excess of $75,000.00 plus an additional amount equal to his attorneys' fees and expert witness fees, plus the costs of this action and for compensatory damages.

**COUNT VIII – NATIONAL ORIGIN DISCRIMINATION AND RETALIATION**

1 – 4.   Plaintiff repeats and realleges paragraphs 1 through 4 of the Common Allegations as paragraphs 1 through 4 herein.

5.   That the plaintiff Gilles K. Kouassi filed a second charge of discrimination with the Illinois Department of Human Rights and the EEOC which was received by the EEOC on or about May 31, 2013 in connection with his denial of tenure on May 3, 2013 by defendant Western Illinois University.

6.   Plaintiff has been issued his right to sue letter.  Exhibit 2, a true and correct copy of the right to sue letter issued by the EEOC dated August 16, 2013, which was received by plaintiff on August 19, 2013, is attached hereto and made a part of this First Amended Complaint.

7.   That since the filing of plaintiff's original Charge of Discrimination and Retaliation on October 19, 2012, plaintiff was further subjected to discrimination on the basis of his national origin discrimination and retaliated against for his prior pursuit of discrimination claims in that

he was denied tenure on or about May 3, 2013 despite being fully qualified for a tenured professor position.

8. Despite being promoted to associate professor in May, 2012, having met the requirements established by the department criteria of the Chemistry Department, defendant Western Illinois University denied plaintiff tenure.

9. The contractually approved criteria for tenure and promotion are identical, thus plaintiff, based on the properly considered department criteria in evaluating his submitted tenure documentation, should have been granted tenure.

10. Plaintiff is the only professor to have been promoted to Associate Professor at Western Illinois having met the department criteria in the Chemistry Department who was not subsequently awarded tenure.

11. Instead, Western Illinois discriminated and/or retaliated against plaintiff for his prior filing of an EEOC charge of discrimination by developing and utilizing a new Rubric for evaluation outside of the previously contractually established department criteria to deny plaintiff tenure.

12. In addition, despite having been promoted to associate professor in 2012, Western Illinois University sent a letter from its president, stating that he was being denied promotion, which in fact he was being denied tenure.

13. That as a direct and proximate result of one or more of the above acts of intentional discrimination and retaliation on the basis of national origin/race, plaintiff has sustained damages equal to loss of monetary damages due to his failure to be granted tenure, has suffered substantial

embarrassment to his professional reputation and emotional distress damages, and is entitled to compensatory damages under 42 U.S.C. § 1983(a), all to an amount in excess of $75,000.00.

14. Plaintiff is also entitled to recover his attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988.

WHEREFORE, plaintiff Gilles Kouassi hereby requests the court enter judgment in his favor and against defendant Western Illinois University in an amount in excess of $75,000.00 plus an additional amount equal to his attorneys' fees and expert witness fees, plus the costs of this action and for compensatory damages.

GILLES K. KOUASSI, Plaintiff

By: /s/Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  sfieweger@katzlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify on November 14, 2013, I electronically filed plaintiff's First Amended Complaint with the Clerk of the Court using the CME/CF system which will send will send a notification to the following:

Joshua D. Ratz

By: /s/Stephen T. Fieweger

s:\wp\worddoc\18131001.05First Amended Complaint