E-FILED
Wednesday, 18 December, 2013  04:01:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GILLES K. KOUASSI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  13-1265-JBM-JAG |
| | ) | |
| WESTERN ILLINOIS UNIVERSITY, | ) | |
| A University Chartered and Authorized | ) | |
| Under the Board of Governors for State, | ) | |
| Universities, ROSE McCONNELL and | ) | |
| SUSAN MARTINELLI-FERNANDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF WESTERN ILLINOIS UNIVERSITY TO THE FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, WESTERN ILLINOIS UNIVERSITY, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submits its Answer and Affirmative Defenses to the First Amended Complaint, stating as follows:

**COMMON ALLEGATIONS**

1. Defendant admits the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits that this court has federal question jurisdiction under 28 U.S.C. § 1331. Defendant admits that Plaintiff purports to assert claims under 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Defendant denies the remaining allegations of paragraph 3.

4. Defendant admits that Plaintiff is in the United States under Permanent Resident status. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests judgment in Defendant's favor and against Plaintiff.

## COUNT I - RACE DISCRIMINATION IN EMPLOYMENT
## VIOLATION OF 42 U.S.C. § 2000e, *ET SEQ.*

1–6. Defendant reasserts and incorporates its answers to paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7. Defendant admits that Plaintiff is dark skinned and of African descent. Defendant denies the remaining allegations of paragraph 7.

8. Defendant admits that Plaintiff became employed by Defendant WIU in 2007, but denies Plaintiff became employed in April of that year. Defendant admits the remaining allegations in paragraph 8.

9. Defendant admits that Plaintiff received Professional Achievement Awards in 2009 and 2011. Defendant denies the remaining allegations of paragraph 9.

10. Defendant denies that Plaintiff is a successful chemistry professor. Defendant denies that Plaintiff excelled in research. Defendant denies that Plaintiff authored a peer reviewed publication that was ranked the number one most accessed article in all American Chemical Society journals. Defendant lacks knowledge sufficient to form a belief regarding the remaining allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests judgment in Defendant's favor and against Plaintiff.

### COUNT II - NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e, *ET SEQ.*

1–6.   Defendant reasserts and incorporates its answers to paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7.   Defendant admits that Plaintiff is in the United States under Permanent Resident status. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a native of the Ivory Coast. Defendant denies the remaining allegations of paragraph 7.

8.   Defendant admits that Plaintiff received Professional Achievement Awards in 2009 and 2011. Defendant denies the remaining allegations of paragraph 8.

9.   Defendant lacks knowledge or information sufficient to form a belief regarding whether Plaintiff authored over 20 peer reviewed publications in international journals or has participated in at least 56 presentations at national and international scientific meetings. Defendant denies the remaining allegations of paragraph 9.

10.   Defendant denies the allegations of paragraph 10.

11.   Defendant denies the allegations of paragraph 11.

12.   Defendant denies the allegations of paragraph 12.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests judgment in Defendant's favor and against Plaintiff.

## COUNT III - RETALIATION
## IN VIOLATION OF 42 U.S.C. § 2000e-3

1–6.   Defendant reasserts and incorporates its answers to paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7.   Defendant admits that Plaintiff is dark skinned and of African descent. Defendant admits that Plaintiff is in the United States under Permanent Resident status. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a native of the Ivory Coast. Defendant denies the remaining allegations of paragraph 7.

8.   Defendant admits that Plaintiff became employed by Defendant WIU in 2007, but denies Plaintiff became employed in April of that year. Defendant admits the remaining allegations of paragraph 8.

9.   Defendant admits that Plaintiff received Professional Achievement Awards in 2009 and 2011. Defendant denies the remaining allegations of paragraph 9.

10.   Defendant lacks knowledge or information sufficient to form a belief regarding whether Plaintiff authored over 20 peer reviewed publications in international journals or has participated in at least 56 presentations at national and international scientific meetings. Defendant denies the remaining allegations of paragraph 10.

11.   Defendant admits that Plaintiff made complaints to Western Illinois University in November 2011 to upper management faculty and university officials, including the President and the Provost. Defendant denies the remaining allegations of paragraph 11.

12.   Defendant denies the allegations of paragraph 12.

13.   Defendant admits that Exhibit 3 is a true and correct copy of a May 3, 2013 letter from Jack Thomas. Defendant admits that the WIU Board of Trustees terminated

Plaintiff's employment at the end of the 2013-2014 school year. Defendant denies the remaining allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests judgment in Defendant's favor and against Plaintiff.

### COUNT IV - RACE DISCRIMINATION
### IN VIOLATION OF 42 U.S.C. § 1981

1–6. Defendant reasserts and incorporates its answers to paragraphs 1 through 6 of the Common Allegations as paragraphs 1 through 6 herein.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests judgment in Defendant's favor and against Plaintiff.

### COUNT V - RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT
### ROSE MCCONNELL IN VIOLATION OF 42 U.S.C. § 1981

Pursuant to Fed. R. Civ. P. 8(b)(1), no response to Count V is required from Defendant WIU because Count V is brought only against Defendant Rose McConnell.

### COUNT VI - RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT
### SUSAN MARTINELLI-FERNANDEZ IN VIOLATION OF 42 U.S.C. § 1981

Pursuant to Fed. R. Civ. P. 8(b)(1), no response to Count VI is required from Defendant WIU because Count V is brought only against Defendant Susan Martinelli-Fernandez.

## COUNT VII – RACE DISCRIMINATION AND RETALIATION AGAINST DEFENDANT WESTERN ILLINOIS UNIVERSITY IN VIOLATION OF 42 U.S.C. § 2000e-3 – FAILURE TO AWARD TENURE

1–4.   Defendant reasserts and incorporates its answers to paragraphs 1 through 4 of the Common Allegations as paragraphs 1 through 4 herein.

5.   Defendant admits the allegations of paragraph 5.

6.   Defendant admits the allegations of paragraph 6.

7.   Defendant denies the allegations of paragraph 7.

8.   Defendant admits that Plaintiff was denied tenure although he had previously been promoted to assistant professor. Defendant denies the remaining allegations of paragraph 8.

9.   Defendant admits that the criteria for tenure and promotion are identical. Defendant denies the remaining allegations of paragraph 9.

10.   Defendant admits the allegations of paragraph 10.

11.   Defendant denies the allegations of paragraph 11.

12.   Defendant admits that Plaintiff was denied tenure.  Defendant denies the remaining allegations of paragraph 12.

13.   Defendant denies the allegations of paragraph 13.

14.   Defendant denies the allegations of paragraph 14.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests judgment in Defendant's favor and against Plaintiff.

## COUNT VIII – NATIONAL ORIGIN DISCRIMINATION AND RETALIATION

1–4.   Defendant reasserts and incorporates its answers to paragraphs 1 through 4 of the Common Allegations as paragraphs 1 through 4 herein.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant admits that Plaintiff was denied tenure although he had previously been promoted to assistant professor. Defendant denies the remaining allegations of paragraph 8.

9. Defendant admits that the criteria for tenure and promotion are identical. Defendant denies the remaining allegations of paragraph 9.

10. Defendant admits the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant admits that Plaintiff was denied tenure. Defendant denies the remaining allegations in paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests judgment in Defendant's favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims under 42 U.S.C. § 1981 are barred by the Eleventh Amendment.

2. Plaintiff's claims under 42 U.S.C. § 1981 are barred by the statute of limitations to the extent Plaintiff claims relief for conduct occurring prior to June 10, 2011.

3. Plaintiff's claims under Title VII are barred by the statute of limitations to the extent Plaintiff claims relief for conduct occurring prior to December 24, 2011.

WHEREFORE, Defendant requests judgment in its favor and against Plaintiff.

>Respectfully submitted,
>
>WESTERN ILLINOIS UNIVERSITY,
>
>>Defendant,
>
>LISA MADIGAN, Attorney General,
>State of Illinois
>
>>Attorney for Defendant,
>
>By: s/ Joshua D. Ratz
>>Joshua D. Ratz, #6293615
>>Assistant Attorney General
>>500 South Second Street
>>Springfield, Illinois 62706
>>(217) 782-9094  Phone
>>(217) 524-5091  Fax
>>E-Mail: jratz@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GILLES K. KOUASSI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 13-1265-JBM-JAG |
| | ) | |
| WESTERN ILLINOIS UNIVERSITY, | ) | |
| A University Chartered and Authorized | ) | |
| Under the Board of Governors for State, | ) | |
| Universities, ROSE McCONNELL and | ) | |
| SUSAN MARTINELLI-FERNANDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2013, the foregoing document, Answer and Affirmative Defenses of Western Illinois University to the First Amended Complaint, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen T. Fieweger
sfieweger@katzlawfirm.com

and I hereby certify that on December 18, 2013, a copy of the foregoing document was mailed by United States Postal Service, to the following non-registered participant:

None.

Respectfully Submitted,

 s/ Joshua D. Ratz
Joshua D. Ratz, #6293615
Assistant Attorney General