E-FILED
Monday, 22 December, 2014 02:47:56 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GILLES K. KOUASSI,<br>    Plaintiff,<br><br>v.<br><br>WESTERN ILLINOIS UNIVERSITY,<br>et al.,<br>    Defendant. | Case No. 1:13-cv-01265-JBM-JEH |

## REPORT & RECOMMENDATION

The Defendants, Western Illinois University, Rose McConnell, and Susan Martinelli-Fernandez, filed a Motion to Strike Third Amended Complaint (Doc. 48). The Plaintiff, Gilles Kouassi, filed a Motion to Dismiss Motion to Strike Third Amended Complaint (Doc. 52) (construed with the Memorandum of Law in Support of Motion to Dismiss Motion to Strike Third Amended Complaint (Doc. 53) as the Plaintiff's Response to the Defendants' Motion to Strike). For the reasons stated herein, the Court recommends that the Defendants' Motion to Strike be denied, but that their alternative request to dismiss Counts V, VI, VII, and VIII for failure to state a cause of action be granted.

I

On June 10, 2013, the Plaintiff, represented by counsel, filed his original Complaint against Defendants Western Illinois University, Rose McConnell, and Susan Martinelli-Fernandez alleging race discrimination and national origin discrimination in violation of 42 USC § 2000e *et seq.*, retaliation in violation of 42 USC § 2000e-3, race discrimination in violation of 42 USC § 1981, and race discrimination and retaliation in violation of 42 USC § 1981 against Defendants

1

McConnell and Martinelli-Fernandez. The Defendants filed their Answers to the original Complaint on September 16, 2013, and the parties' Discovery Plan was approved on October 30, 2013. Soon thereafter, on November 14, 2013, the Plaintiff filed a Motion for Leave to File First Amended Complaint ([Doc. 17](#)) which was granted and the First Amended Complaint was filed on December 3, 2013. On December 18, 2013, the Defendants filed their Answers to the First Amended Complaint. On January 31, 2014, the Court granted the Plaintiff's request to terminate his attorney, Stephen T. Fieweger, as his counsel. Attorneys Arthur R. Ehrlich and Jonathan C. Goldman filed their Notices of Appearance on the Plaintiff's behalf in this case on February 26, 2014.

On April 3, 2014, the Plaintiff, through counsel, filed a Motion for Leave to File Second Amended Complaint which was granted and the Second Amended Complaint was filed on April 22, 2014.[1] The Court granted the Defendants' Motion for Extension of Time to File and to Reset Discovery Deadlines on May 7, 2014, and the Defendants then filed their Answers and Affirmative Defenses to the Second Amended Complaint on May 27, 2014. After that date, three more motions to extend discovery deadlines were filed. On August 25, 2014, at the Motion Hearing on the latest (and agreed) Motion for Extension of Time to Complete Discovery, the Plaintiff's new counsel made an oral motion to withdraw as counsel for the Plaintiff.[2] The Court also stayed the discovery schedule pending the Motion Hearing on Attorney Ehrlich's Motion to Withdraw.

After a hearing on Attorney Ehrlich's Motion to Withdraw on September 3, 2014, the Court granted the Motion and allowed the Plaintiff (now *pro se*) 30 days

---

[1] The docket indicates that the Plaintiff's Second Amended Complaint was filed on April 21, 2014. However, that date was erroneously entered, as the Court did not grant the Motion for Leave to File Second Amended Complaint until April 22, 2014.

[2] This oral motion came after the Plaintiff improperly filed documents directly with the Court.

2

to obtain new counsel. On October 7, 2014, the Court granted the Plaintiff's Motion for Leave to Appear as *Pro Se* Litigant, vacated the Discovery Plan, and re-set the discovery schedule to include, among other things, amendment of the complaint deadline by October 21, 2014. The Plaintiff filed his Third Amended Complaint ([Doc. 46](Doc. 46)) on October 23, 2014 and the Defendants filed their Motion to Strike on November 5, 2014. In their Motion to Strike, the Defendants argue that the Plaintiff's Third Amended Complaint is untimely, raises no new viable claims while merely adding extraneous factual allegations, and the Plaintiff's Title VII claims against Defendants McConnell and Martinelli-Fernandez should be stricken for failure to state a cause of action.

II

The Court first recommends that the Defendants' request to strike the Plaintiff's Third Amended Complaint as untimely be denied. The Plaintiff explains that the 48-hour delay in filing the Third Amended Complaint was due to the time it took him to get it notarized and to deliver it. He says he worked "tirelessly" to get the Third Amended Complaint ready on October 21, 2014 to file it with the Clerk's Office. While better planning could have prevented the untimely filing, the Court has discretion to consider the untimely-filed Third Amended Complaint. See [*Mommaerts v Hartford Life and Accident Insurance Co*, 472 F3d 967, 968 (7th Cir 2007)](link) (affirming District Court's exercise of discretion in denying a motion to strike an untimely filed answer where the delay was short (16 days) and the plaintiff did not suffer any prejudice from the late filing); [*Buggs v Elgin, Joliet & Eastern Railway Co*, 852 F2d 318, 322 (7th Cir 1988)](link) ("Where a document that is filed in response to a court order is submitted late, the trial court has discretion to accept or to reject its filing"); and [*O'Brien-Shure v US Laboratories, Inc Health & Welfare Benefit Plan*, 2013 WL 3321569, \*2 (ND Ill)](link) (deciding to still consider untimely filed motion to dismiss where the delay was

3

short (4 days), the parties substantively addressed the issues, and the defendants suffered no prejudice). Here, the delay was just two days, the Defendants do not identify any prejudice they suffered from the two-day delay, and in the overall context of this case the delay was harmless.

Next, the Court recommends that the Defendants' Motion to Strike the Third Amended Complaint as raising no new viable claims and adding extraneous factual allegations be denied as well. The Defendants specifically argue that the Plaintiff's claims of discrimination and retaliation are the same as in his earlier complaints, but now reordered and supplemented with excessive factual allegations, some claims are co-mingled within the same Count under different statutes, and some claims are duplicated in different Counts entirely.

[Federal Rule of Civil Procedure 12(f)](#) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." [Rule 12(f)](#) motions to strike are disfavored and "are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." [*Equal Employment Opportunity Commission v Dots*, LLC, 2010 WL 5057168, *1 (ND Ind)](#); see also [*Geschke v Air Force Association*, 2002 WL 31253746, *1 (ND Ill)](#) (explaining that courts will strike portions of a complaint "only if the challenged allegations are so unrelated to the present claim as to be void of merit and unworthy of consideration").

The Defendants argue that the Plaintiff's redundant Third Amended Complaint requires Defendants to revisit the minutia and nuances of substantially similar allegations they have already answered thrice-fold for no useful purposes. In his Response to the Motion to Strike, the Plaintiff takes issue with the Defendants' comparison of his Second Amended Complaint with his

4

Third Amended Complaint, arguing that the comparison does not show that the Third Amended Complaint repackages previous claims as the Defendants allege.

Because the Plaintiff is now *pro se* in this case, the Court has a duty to read the Plaintiff's Third Amended Complaint liberally. See [Kaba v Stepp, 458 F3d 678, 687 (7th Cir 2006)](#) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally . . . ."). Reading the Plaintiff's Third Amended Complaint in light of the fact that [Rule 12(f)](#) motions to strike are disfavored and that the Court must read the Complaint liberally, the Court does not find the Third Amended Complaint to contain such redundancies and lack of clarity to warrant that it be stricken. Moreover, the additional language of the Third Amended Complaint is not so unrelated to the controversy as to be without merit, and the Defendants do not sufficiently articulate prejudice by allowing the Third Amended Complaint to stand. Notably, the previous complaints contained some repetition between Counts, and the fact that the Defendants thrice-fold answered substantially similar allegations should expedite their efforts in responding to the Third Amended Complaint.

Finally, the Court recommends that the Defendants' request to dismiss Counts V, VI, VII, and VIII be granted for failure to state a cause of action pursuant to [Federal Rule of Civil Procedure 12(b)(6)](#). In those Counts, the Plaintiff alleges Title VII national origin discrimination and retaliation against the individual Defendants McConnell and Martinelli-Fernandez. The Defendants argue that it is well-settled that supervisors may not be held liable in their individual capacities under Title VII. The Plaintiff counters that "a ground" exists for bringing claims under Title VII against the individual Defendants, and he relies upon a law journal article in support of his argument.

Seventh Circuit case law makes clear that there is no individual liability under Title VII. See [Passananti v Cook County, 689 F3d 655, 677 (7th Cir 2012)](#)

(explaining that the plaintiff's supervisor, the director of the Day Reporting Center of the Cook County Sheriff's Department, could not be held individually liable under Title VII); *Williams v Banning*, 72 F3d 552, 555 (7th Cir 1995) (stating that a supervisor does not, in his individual capacity, fall within Title VII's definition of employer); *United States EEOC v AIC Security Investigations, Ltd*, 55 F3d 1276, 1279-82 (7th Cir 1995) (holding that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the [Americans with Disabilities Act (ADA)]" after stating that the ADA's definition of "employer" mirrors the definition of "employer" in Title VII); *Dirksen v City of Springfield*, 842 F sup 1117, 1122 (CD Ill 1994) ("[I]ndividual capacity suits under Title VII are inappropriate in this case-Plaintiff must plead 'official capacity' suits"); *Haltek v Village of Park Forest*, 864 F Supp 802, 805 (ND Ill 1994) ("This Court does not believe that Congress, in defining 'employer,' meant to impose individual liability on a supervisory employee acting as the employee of the employer").[3] The Plaintiff's cited law journal article is not binding and does not in any way overturn the Seventh Circuit's rationale in the above-cited cases explaining that there is no individual capacity liability under Title VII. Accordingly, the Court recommends dismissal of Counts V, VI, VII, and VIII pursuant to FRPC 12(b)(6) for failure to state a cause of action.

## III

For all the reasons set forth above, the Court recommends that the Defendants' Motion to Strike (Doc. 48) be denied, but that their alternative

---

[3] Assuming the Plaintiff brought Counts V, VI, VII, and VIII against Defendants McConnell and Martinelli-Fernandez in their official capacities, the claims in those Counts would be redundant of the Counts against WIU. See *Feldman v Bahn*, 12 F3d 730, 732 (7th Cir 1993) (stating that an official capacity suit is effectively one against the institution), citing *Kentucky v Graham*, 473 US 159, 165-66 (1985); *Haltek, 864 F Supp at 805* (explaining that when a plaintiff sues a supervisory employee, it is equivalent to suing the company because the acts of the agent, in his or her official employment capacity, are the acts of the company).

request to dismiss Counts V, VI, VII, and VIII be granted for failure to state a cause of action. The Court further recommends that the Defendants be directed to file an answer to the remaining Counts of the Third Amended Complaint.

Any objection to this Report & Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. FRCP 72(b)(2); 28 USC § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Systems Corp*, 170 F3d 734, 739 (7th Cir 1999); *Lorentzen v Anderson Pest Control*, 64 F3d 327, 330 (7th Cir 1995)*.

Entered on December 22, 2014.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
