UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GILLES K. KOUASSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-cv-1265 |
| | ) |
| WESTERN ILLINOIS UNIVERSITY, | ) |
| ROSE McCONNELL and SUSAN | ) |
| MARTINELI-FERNANDEZ | ) |
| | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion to Strike (Doc. 48), and Magistrate Judge Hawley's Report & Recommendation ("R&R") recommending that the Defendants' Motion to Strike be denied, but that Defendants' alternative request to dismiss Counts V, VI, VII, and VIII pursuant to Rule 12(b)(6) be granted. (Doc. 54).

The parties were notified that failure to object to Judge Hawley's December 22, 2014 R&R within fourteen days after service would constitute a waiver of any objections. (Doc. 48 at 7) (*citing* 28 U.S.C. § 636(b)(1); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). Objections to the R&R were due by January 8, 2015. Defendants filed no objection to the R&R, but Plaintiff filed an objection on January 9, 2015. (Doc. 56).[1] Defendants did not file a memorandum in response to

---

[1] The Court notes that Plaintiff filed his objection one day late, but will exercise its discretion and consider it. *See Buggs v. Elgin, Joliet & E. Ry. Co.*, 852 F.2d 318, 322 (7th Cir. 1988)(explaining that a trial court has the discretion to accept late-filed documents).

Plaintiff's objection, so this matter is ready for decision. For the reasons stated below, the Court adopts Judge Hawley's R&R. Counts V through VIII of Plaintiff's Third Amended Complaint are dismissed.

**LEGAL STANDARDS**

When a plaintiff files an Objection to an R&R, the Court reviews *de novo* those portions of it to which a specific written objection has been made. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

District courts reviewing *pro se* complaints construe them liberally. *See Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). However, *pro se* plaintiffs remain the masters of their own complaints. *See Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005). "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Id.* (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

**FACTUAL AND PROCEDURAL BACKGROUND**

Judge Hawley's R&R has laid out the necessary factual and procedural background of the parties, Plaintiff's claims, and the facts involved in the litigation. (Doc. 54). Therefore, a familiarity with the case and the facts is presumed. The Court will summarize below background that is pertinent to this decision.

Judge Hawley recommended that Counts V through VIII of Plaintiff's Third Amended Complaint be dismissed for failing to state a claim on which relief can be granted. In these Counts, Plaintiff alleges that two of Western Illinois University's employees – Rose McConnell and Susan Martinelli-Fernandez – violated his Title

2

VII rights. McConnell served as the Chair of Western Illinois University's chemistry department at all times relevant to the complaint. (Doc. 46 at 15). Martinelli-Fernandez served as the Dean of the College of Arts and Science at Western Illinois University from 2009 until the time Plaintiff was terminated. (*Id.* at 18). In Count V, Plaintiff alleges that McConnell discriminated against him on the basis of his national origin, in violation of Title VII (*Id.* at 15), and in Count VI, he alleges that Martinelli-Fernandez discriminated against him on the basis of his national origin in violation of Title VII. (*Id.* at 18). In Count VII, he alleges that McConnell retaliated against him in violation of Title VII (*id.* at 22), and in Count VIII he alleges that Martinelli-Fernandez retaliated against him in violation of Title VII. (*Id.* at 25).

## DISCUSSION

Defendants moved to dismiss Counts V through VIII on the ground that supervisors may not be held liable in their individual capacity under Title VII. (Doc. 49 at 4, *citing Passananti v. Cook County*, 689 F.3d 655, 677 (7th Cir. 2012); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)). In the R&R, Judge Hawley agreed and dismissed the Counts. (Doc. 54 at 5).

Plaintiff does not challenge Judge Hawley's conclusion that supervisors may not be held liable in their individual capacity under Title VII. Nor could he, as Seventh Circuit case law is clear on that point. *See, e.g., Passananti*, 689 F.3d at 677; *Williams*, 72 F.3d at 555. Rather, Plaintiff argues that he stated additional claims in Counts V through VIII, including claims "under 42 U.S.C. § 2000e-5, 42 U.S.C. § 1981 and/or 42 U.S.C. § 1988." (Doc. 56 at 7). Plaintiff urges the Court to

3

consider these allegations separately from his Title VII allegations, dismiss the Title VII claims, and let Counts V-VIII "stand under other 42 USC violations." (*Id.*).

Plaintiff's objection to the R&R fails for a number of reasons. First, Plaintiff waived his objection by not raising it before Judge Hawley. Second, the basis for Plaintiff's objection does not find support in his Third Amended Complaint. Therefore, the Court will overrule Plaintiff's objections and adopt Judge Hawley's recommended disposition. *See* Fed. R. Civ. P. 72(b)(3).

**I. Waiver**

In their Motion to Strike, Defendants specifically asked that the Court strike or dismiss Counts V through VIII because "supervisors may not be held liable in their individual capacity under Title VII." (Doc. 49 at 5-6). Plaintiff responded by challenging Defendants' "selective interpretation of Title VII." (Doc. 53 at 6). He argued that a review of Title VII's legislative history and amendments, along with principles of agency law, make it clear that individual employees can be held liable under Title VII. (*Id.* at 7). Therefore, he concluded that "a ground exist [sic] for bringing claims under Title VII against the individual [Defendants]." (*Id.*). At no point in his response did Plaintiff suggest that Counts V through VIII remained viable on grounds other than Title VII. (*See id.*).

Plaintiff's objection to the R&R, therefore, suffers from a deficiency: he never presented the grounds upon which he relies to Judge Hawley for his consideration. "[A]rguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). If the Court were to consider arguments that had not been presented to Judge Hawley, it "would undercut the

4

rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id*. Permitting a party to save its arguments for objection would frustrate "[s]ystemic efficiencies" and reduce the magistrate's role "to that of a mere dress rehearsal." *Artuk, Inc. v. AKT Corp.*, No. 13 C 3811, 2014 WL 3895920, *5 (N.D. Ill. Aug. 7, 2014) (quoting *Patterson-Leitch Co. v. Mass. Wholesale Elec. Co.*, 840 F2d 985, 991 (1st Cir. 1988)).

The Court concludes that Plaintiff waived his objection to the R&R by failing to raise the argument in his response to Defendants' Motion to Strike.

**II. Objection's Merit**

Even if the Court were to consider Plaintiff's objection, the objection is without merit.

Plaintiff argues that that Counts V through VIII all include other bases beyond Title VII. In Count V, Plaintiff alleges that McConnell took actions against him "based on his national origin" and therefore violated "Title VII, 42 U.S.C. § 2000e *et seq.*" (Doc. 46 at 17). He requests "attorney's fees and costs and expert witness' fees pursuant to 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1988." (*Id*. at 18). In Count VI, Plaintiff alleges that Martinelli-Fernandez took actions against him "based on his national original" and therefore violated "Title VII, 42 U.S.C. § 2000e *et seq.*" (*Id*. at 21). Again, he requests "attorney's fees and costs and expert witness' fees pursuant to 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1988." (*Id*.). In Count VII, Plaintiff alleges a violation of "Title VII 42, U.S.C. § 1983b," (*id*. at 22) and requests "attorney's fees and costs and expert witness' fees pursuant to 42 U.S.C. § 2000e-5, 42 U.S.C. § 1981 and 42 U.S.C. § 1988." (*Id*.at 23-24). Finally, in Count VIII,

5

Plaintiff requests "attorney's fees and costs and expert witness' fees pursuant to 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1988." (*Id.*at 28).

Plaintiff's citation of these statutory provisions cannot help him revive this claim. First, Plaintiff's objection reflects a misunderstanding of what the term "Title VII" is, or to what it refers. Title VII is shorthand for "Title VII of the Civil Rights Act of 1964, as amended." It is codified in the United States Code at 42 U.S.C. §§ 2000e to 2000e-17. Each of Plaintiff's citations to 42 U.S.C. § 2000e-5 or 42 U.S.C. § 2000e *et seq.* is both a citation to a provision or provisions in Chapter 42 of the United States Code and a citation to a provision of Title VII or to all of Title VII. Therefore, it is inconsistent for Plaintiff to concede that he cannot state a claim against supervisors in their individual capacity under Title VII but also argue that he can state a claim against supervisors in their individual capacity under any number of sections found in 42 U.S.C. §§ 2000e through 2000e-17. He cannot. *See Passananti*, 689 F.3d at 677; *Williams*, 72 F.3d at 555.

Plaintiff's citations to 42 U.S.C. § 1988 also do not provide him with any help. Section 1988 does not provide plaintiffs with an independent cause of action. *See* 42 U.S.C. § 1988; *Moor v. Alameda County*, 411 U.S. 693, 702 (1973). Rather, § 1988 "is intended to complement the various acts which do create federal causes of action for the violation of federal rights." *Moor*, 411 U.S. at 702. So, in 42 U.S.C. § 1988(a), Congress provided a mechanism through which federal courts could look to common law when fashioning a remedy for violations of civil rights laws. And, in 42 U.S.C. §§ 1988(b) and (c), Congress provided a mechanism through which prevailing parties in lawsuits brought pursuant to various civil rights statutes can recover

6

attorney's fees and expert fees. Because § 1988 does not provide an independent cause of action, Plaintiff cannot rely upon it to argue that he has in fact stated a claim on which relief can be granted.

Plaintiff's citation to 42 U.S.C. § 1981 requires more discussion. In Count VII of the Third Amended Complaint, Plaintiff requests attorney's fees and expert costs pursuant to 42 U.S.C. § 1981. Unlike § 1988, § 1981 does provide plaintiffs with a cause of action. Section 1981 protects the right of all persons "to make and enforce contracts" regardless of race. Unlike under Title VII, individual employees can be held liable for race discrimination under § 1981. *See Smith v. Bray*, 681 F.3d 888, 832 (7th Cir. 2012). An individual can also "be liable under § 1981 for retaliatory conduct that would expose her employer to liability under Title VII or § 1981." *Id.* at 899.

In previous iterations of his complaint, Plaintiff sued both McConnell and Martinelli-Fernandez under § 1981. (*See* Complaint, Doc. 1, at 7-11; First Amended Complaint, Doc. 18, at 10-13; and Second Amended Complaint, Doc. 31, at 14-19). However, in his Third Amended Complaint, Plaintiff abandoned his § 1981 claims against the individual Defendants and chose to pursue his claims against the individual Defendants pursuant to Title VII. The Court is unable to find that Plaintiff has stated a § 1981 claim in Count VII, as Plaintiff has only invoked § 1981 as a basis for seeking attorney's fees and expert costs. (*See* Third Amended Complaint, Doc. 46, at 24-25).

Plaintiff cannot rely upon his previously filed complaints in order to salvage a § 1981 claim in his Third Amended Complaint. Plaintiff's Third Amended

7

Complaint is the governing document in this case. *See Carver v. Condie*, 169 F3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations . . . not brought forward fell by the wayside."). This rule applies in *pro se* cases as well as in cases in which plaintiffs are represented by counsel. In *Anderson v. Donahoe*, 699 F.3d 989 (7th Cir. 2012), a United States Postal Services employee representing himself *pro se* brought disability discrimination, reasonable accommodation, and retaliation claims in his first complaint, but omitted both his disability discrimination and reasonable accommodation claims in subsequent amended complaints. *Id.* at 997. The Seventh Circuit concluded that the employee waived those claims because he chose to omit them in later amended complaints, which became the case's governing documents. *Id.*

Plaintiff has been allowed to twice amend his complaint when he was represented by counsel. Now before the Court is his third effort after terminating his second attorney and choosing to proceed *pro se*. Plaintiff could have elected to continue with his § 1981 claims against the individual defendants for discrimination on the basis of race or color and retaliation, as pleaded in his earlier complaints. Instead, he elected to pursue Title VII claims against both for discrimination on the basis of national origin and retaliation. This is a strategic choice that Plaintiff made as the master of his own complaint, and it backfired.

Although courts should construe *pro se* complaints broadly, courts need not serve as counsel or paralegals and correct these sorts of mistakes. *See Myles*, 416 F.3d at 552. Rather than straining to conclude that Plaintiff stated a § 1981 claim

for retaliation against McConnell when he requested attorney's fees pursuant to § 1981, the Court concludes that Plaintiff waived his § 1981 claims by failing to include them as part of his Third Amended Complaint. *See Anderson*, 699 F.3d at 997.

## CONCLUSION

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation of Magistrate Judge Hawley (Doc. 54) in full. Thus, the Court DENIES Defendants' Motion to Strike (Doc. 48), but GRANTS Defendants' Motion to Dismiss Counts V, VI, VII, and VIII for failure to state a claim on which relief may be granted. The Third Amended Complaint is dismissed as to Defendants Rose McConnell and Susan Martinelli-Fernandez. Defendant Western Illinois University is directed to file an answer to the remaining Counts of the Third Amended Complaint.

Entered this 3rd day of February, 2015.

                                                    s/Joe B. McDade
                                                    JOE BILLY McDADE
                                          United States Senior District Judge