UNITED STATES DISTRICT COURT
CENTRAL DISTRIST OF ILLINOIS
PEORIA DIVISION

GILLES K. KOUASSI,  )
        Plaintiff,  )  Case No. 13-cv-01265
          )
vs.  )
          )
WESTERN ILLINOIS UNIVERSITY,  )
          )
        Defendant  )

## MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES**, Gilles K. Kouassi, *"pro se"*, and for his Motion in Opposition to Defendant" Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, responds to the 8 itemized statements of Defendant's Motion for Summary Judgment as follows:

1. Plaintiff Gilles Kouassi was employed by defendant Western Illinois University as Assistant Professor in the Department of chemistry from the Fall 2007 through the Spring 2014.

2. Defendant's assertion that in May 2013, University President Jack Thomas informed Plaintiff of his determination that Plaintiff had failed to meet the requirements for tenure and as result, would be issued a terminal contract expiring at the end of the 2013-2014 school year is false.

Plaintiff applied for promoted Associate Professor in January 2012 after meeting the criteria for promotion to Associate Professor and tenure which are the same, as stated in the Western Illinois University–UPI 2010-2015 Agreement 20.4.(h) on page 42: "The criteria for tenure, which will be identical to the criteria for promotion to Associate Professor." See Exhibit 1-Article 20.4.(h) of 2010-2015 WIU/UPI Agreement.

In 2012, Plaintiff received a letter from University President informing him that his application for promotion to Associate Professor was approved. A similar letter was sent by the Board of Trustees of WIU in his meeting of June 2012, and the decision was published at the website of WIU. In a letter dated May 3, 2013 University President Jack Thomas made the following statement: "The materials in support of your request **for tenure and promotion** have been reviewed. Provost and Academic Vive President Kenneth Hawkinson and I have also reviewed your application."

This statement of the University President was false. Plaintiff did not submit a request for tenure and promotion, but rather a letter for reconsideration of the tenure decision made by the DPC, the Chemistry Department Chair, and the UPC after they misrepresented plaintiff's performance, and rejected articles he authored on a discriminatory basis. Some of those articles were accepted by the same evaluators several times in previous evaluations including the evaluation of plaintiff's application for promotion to Associate Professor in 2012. Plaintiff, an Associate Professor who added its most productive year as faculty member to requirements he has met in 2012 could not failed to meet the same requirements in 2023.

Plaintiff was already Associate Professor in 2012 and was not applying for promotion to Associate Professor in 2013. University President stated in the same letter what follows:

4. Defendants have already moved to strike 5 counts of Plaintiff complaint in which

5. Plaintiff alleged intentional discrimination by defendant's agent against him. Plaintiff by defendants agents, who were intentionally involved in the orchestration of several acts of discrimination in violation of Title VII, 42 U.S.C. §20002 et Se. 42 U.S.C § 1981. Those counts were stricken not on the basis of their merit, but on the basis of claims of procedural defeats. The Defendant's Motion for Summary Judgment has no ground, as it is based on misrepresentation and distortion of the facts. It is tactical move to avoid responding to the acts of discrimination perpetrated against the plaintiff.

It is not a custom to see a discriminator admitting that he has discriminated. The Defendant's argument that Plaintiff's has no evidence demonstrating that Western Illinois University discriminated against him is a choice made to ignore and occult the proofs of discrimination provided. Plaintiff has been discriminated based on its "accent and its English enunciation", has been discriminated during his application for promotion to Associate Professor as Defendant rejected his articles although other faculty members of race, national origin, and color different from Plaintiff's had their articles accepted in similar situation, and was denied tenure on the basis of discrimination, and retaliation for denouncing the discrimination made on the basis of his accent and for denunciating the discriminatory rejection of his articles during his application for promotion to Associate Professor.

5. Evidences exit that Western Illinois University's use of plaintiff's accent as alibi to prevent him from applying for promotion although University agents admitted in writing that his accent was not one that prevents Plaintiff from performing his duty, was aimed at negatively impacting Plaintiff's career.

> "Please note that according to article 230.8.b. (3) of the WIU/UPI Agreement, this evaluation letter serves as your 12-month notice of non-retention. You contract will terminate at the end of the 2012-2013 academic year."

See-Exhibit 2-University President letter dated May 3, 2013. The above information shows that defendant's statements in item 1 and 2 are false.

3. Since WIU was created, no other faculty already promoted Associate Professor has ever been denied tenure. Furthermore, under the 2010-2015 WIU-UPI Agreement, no other faculty member has been denied tenure after been promoted Associate Professor. Plaintiff did not fail to meet the requirements for tenure as claimed the Defendant. His performance overpassed the number of points required for tenure in 2012, and he added a year of particularly productive performance. After defendant's agents used the alibi of Plaintiff's accent and English enunciation to deny him the right to apply for promotion to Associate Professor in violation to Title VII of the Civil Right Act of 1964, and sent him written humiliating statements on his accent to undermine his performance, despite his excellence performance in teaching, defendant rejected Plaintiff's articles during his application for promotion to Associate Professor. Under the same circumstances other faculty members including Scott McConnell, an American Caucasian, and T.K. Vinod, an American originally from India, were accepted toward their promotion to Professor, and Associate Professor, respectfully.

During the evaluation of Plaintiff's tenure application, defendant's agents, misrepresented and falsified Plaintiff's performance, and used non-contractual and illicit document containing false information to reject Plaintiff's articles in a targeted and discriminatory manner.

- Defendant's agents prevented Plaintiff from entering the classroom where he was assigned a course to teach for two weeks.
- By rejecting plaintiff articles first during Plaintiff' promotion evaluation although other
- Faculty members of race and national origin different from Plaintiff had their articles accepted in similar situations, Defendant discriminated against plaintiff.
- By developing a non-contractual document containing false information a few weeks before Plaintiff's application for PAA and tenure to reject Plaintiff articles including those already accepted by defendant, defendant discriminated and retaliated against Plaintiff.
- Defendant retaliated against plaintiff for denouncing the use of his accent as pretext for preventing him from applying for promotion and for denouncing the discriminatory rejection of his articles during his application for promotion and for filing an EEOC complaint.
- Defendant discriminated against Plaintiff for failing to apply same criteria for promotion to Associate Professor and tenure, making Plaintiff the only Associate Professor to be denied tenure after his promotion to Associate Professor.
- Count IV, alleging violations of 42 U.S.C. § 1981, is bared by the Eleventh Amendment.

6. A memorandum of law is submitted herewith and incorporated herein that demonstrates that defendant's arguments in moving for summary judgment is based on misrepresentation of the facts and has no factual and legal ground. WHEREFORE, Plaintiff respectfully requests this honorable Court to deny Defendant's Motion for Summary Judgment.