UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GILLES KOUASSI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-1265 |
| WESTERN ILLINOIS UNIVERSITY, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Bill of Costs (Doc. 89) and Plaintiff's Motion for Extension of Time to File Notice of Appeal. (Doc. 95). For the reasons discussed below, Defendant will be awarded its costs and Plaintiff's motion for extension of time is denied.

### PROCEDURAL HISTORY[1]

Plaintiff Gilles Kouassi formerly worked as an Associate Professor of Chemistry at Western Illinois University. He filed this lawsuit after the University denied his application for tenure, alleging that the University and two of its employees discriminated against him on the basis of race, color, and national origin, and also retaliated against him. Plaintiff filed his initial complaint on June 10, 2013. (Doc. 1). On October 23, 2014, he filed his Third Amended Complaint. (Doc. 46). The Court dismissed the individual defendants on February 3, 2015. (Doc. 61).

---

[1] The relevant facts of this case are discussed in great detail in the Court's Order and Opinion granting Defendant's motion for summary judgment. (Doc. 86). To the extent that it is necessary, the Court presumes familiarity with that document. What follows is a substantially abbreviated procedural history.

It granted Western Illinois University's motion for summary judgment on May 19, 2015 (Doc. 86), and entered final judgment on the same day. (Doc. 87).

Following entry of judgment, Defendant filed with the Court a Bill of Costs in which it requested that the Clerk tax as costs the $1,134.70 it paid for the transcript of Plaintiff's deposition. (Doc. 89). The Court ordered Plaintiff to file any objections by July 1, 2015. (*See* Dkt. at Notice on 6/17/2015). Plaintiff filed his objection one day late, on July 2, 2015, (Doc. 94), to which Defendant responded on July 16, 2015. (Doc. 98).

Plaintiff filed a Notice of Appeal on June 19, 2015 (Doc. 90), thirty-one days after the Court entered judgment. On July 2, 2015, Plaintiff filed the pending Motion for Extension of Time to File Notice of Appeal. (Doc. 95), to which Defendant responded on July 17, 2015. (Doc. 99).

### DEFENDANT'S BILL OF COSTS

Pursuant to Rule 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed R. Civ. P. 54(d)(1). In the Seventh Circuit, "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Although district courts enjoy discretion in choosing to award costs, that discretion "is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indust. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

Defendant seeks costs for the $1,134.70 billed by the court reporter who recorded Plaintiff's deposition in this case. (Doc. 89). Plaintiff first objects to this by arguing that Defendant is not entitled to an award of costs because Defendant has unclean hands. (*See* Doc. 94 at 2-4).[2] Specifically, Plaintiff alleges that Defendant created a false transcript of the deposition that "has nothing to do with the true deposition held on February 3, 2015." (*Id.* at 2). Plaintiff argues that Defendant purposely relied upon a forged transcript in its motion for summary judgment, and initially ignored correspondence from him in which he demanded that Defendant produce a new transcript that was more accurate. (*Id.* at 3). He claims that by eventually responding to his correspondence without contesting his allegations of forgery, Defendant implicitly admitted to forging the document.

A non-prevailing party can overcome the presumption that a prevailing party is entitled to costs by demonstrating misconduct by the prevailing party, which is what Plaintiff is attempting to do here. *See Weeks*, 126 F.3d at 945. However, Plaintiff has not presented anything beyond his own speculation that Defendant engaged in misconduct. As the Court explained in its Order and Opinion granting Defendant summary judgment, Plaintiff was responsible for correcting any problems that he identified with his deposition and he failed to take the steps set out in Federal Rule of Civil Procedure 30. (*See* Doc. 86 at 4-7). Plaintiff's deposition was taken before Kathy L. Johnson, a certified shorthand reporter on February 3, 2015. (*See* Dep. of Gilles Kouassi, Doc. 83-3, at 1). Johnson certified that "the

---

[2] Although Plaintiff filed his objection to Defendant's bill of costs one day late, the Court may still consider it on its merits, and does so. *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994) (explaining that a deadline under Rule 54(d) does not pose a jurisdictional bar).

3

testimony [of Plaintiff] was taken by stenographic means by [her] to the best of [her] ability and thereafter reduced to print under [her] direction." (*Id.* at 284). She further certified that she is "neither attorney nor counsel for, nor related, nor employed by any of the parties to the action in which [the] deposition was taken," and that she is "not a relative or employee of any attorney or counsel employed by the parties hereto, or financially interested in this action." (*Id.*).

Although the Court takes Plaintiff at his word that he has identified mistakes in the deposition transcript, Plaintiff has only speculated that those mistakes can be attributed to Defendant. As the court reporter certified, Defendant did not create the transcript. She did. (*See id.*). And as the Court has previously explained, Defendant did not bear the burden of making corrections to the transcript. Plaintiff did. (*See* Doc. 86 at 4-7). Therefore, Plaintiff cannot rely upon his unanswered requests that Defendant reproduce the transcript of his deposition to establish that Defendant forged his transcript or to establish that Defendant engaged in the sort of misconduct that would take away its entitlement to costs under Rule 54. Defendant is entitled to an award of costs.

Having determined that Defendant is entitled to costs, the Court must determine whether the costs that Defendant seeks are recoverable, reasonable, and necessary. *See Hardwick v. John & Mary E. Kirby Hosp.*, No. 10-CV-2149, 2012 WL 1232266, at *2 (C.D. Ill. Apr. 12, 2012) (citing *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998)). In most circumstances, the universe of allowable costs is limited by statute. Pursuant to 28 U.S.C. § 1920(2), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be

4

taxed as costs. Prevailing parties may recover reporter attendances fees as part of the cost of securing deposition transcripts. *See Fitchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Here, Defendant seeks to recover $1,134.70, which is the total of 287 pages of Plaintiff's deposition transcript billed at $3.10 per page and seven hours of court reporter attendance time billed at $35.00 per hour. If reasonable and necessary, these costs are clearly recoverable. *See* 28 U.S.C. § 1920(2); *Fitchum*, 57 F.3d at 534.

According to Plaintiff, there was no need for Defendant to take his deposition or order the transcript. He argues that he has provided a narrative of events that gives rise to his claims, and that the narrative is supported by both documents that Defendant had in its possession and documents that he produced to Defendant. He suggests that Defendant should have relied upon those documents and did not need to depose him. (*See* Doc. 94 at 4-5). Plaintiff's argument that his deposition was unnecessary is unfounded. Depositions of parties to litigation are routine parts of litigation and necessary to explore parties' claims and defenses. Here, Defendant only took one deposition and heavily relied upon in support of its motion for summary judgment. (*See* Doc. 67). The contention that this deposition was unnecessary is unfathomable. *See Walton v. U.S. Steel Corp.*, No. 2:09 CV 161, 2012 WL 6114990, at *1 (N.D. Ind. Dec. 7, 2012); *see also Cengr*, 135 F.3d at 455 (explaining that a deposition need not even be used in a motion in order to be necessary, so long as it was "'reasonably necessary' to the case at the time it was taken. . . .").

5

Because Plaintiff has not made a showing necessary to rebut the presumption that costs are recoverable by Defendant, and because Defendant's costs were recoverable, reasonable, and necessary, Plaintiff's Objection to Defendant's Bill of Costs is overruled and the Court will award Defendant its costs.

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Plaintiff has also moved the Court for an extension of time to file a notice of appeal with the Seventh Circuit. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). As discussed above, the Court entered a final judgment against Plaintiff on May 19, 2015. (Doc. 87). Plaintiff had thirty days to file a timely notice of appeal, which means it needed to be filed by June 18, 2015. *See* 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1)(A). Because Plaintiff filed his notice of appeal on June 19, 2015, it was one day late.

The Federal Rules of Appellate Procedure grant this Court the ability to extend the time for Plaintiff to file a notice of appeal so long as he shows either excusable neglect or good cause for failing to appeal on time, and has moved for an extension of time "no later than 30 days after the time prescribed [to appeal] expires." Fed. R. App. P. 4(a)(5).

Here, Plaintiff filed his motion on July 2, 2015, which is within the applicable thirty-day window. (Doc. 95). In it, he explains that he missed the deadline for appealing because he miscalculated it. (*Id.* at 2). Specifically, he claims that he "was not able to make the connection with the fact that May 2015 has 31 days [instead of

6

30 days]" because he was busy moving his family to a new home in Eau Clair, Wisconsin – a process that left him exhausted. (*Id.*). This is an argument for excusable neglect.[3]

As the Seventh Circuit has recently explained, "few circumstances will ordinarily qualify" as excusable neglect. *Satkar Hospitality, Inc.*, 767 F.3d at 706. The excusable neglect standard is equitable, and courts should take into consideration "relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay . . .; and (4) whether the movant acted in good faith." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). However, these first two factors "do little analytical work in this context and thus are rarely dispositive." *Satkar Hospitality, Inc.*, 767 F.3d at 707. This is because "[t]he time limit for requesting an extension is quite short . . . so there will never be a long delay, and the short time frame keeps the risk of prejudice low." *Id.* Over-relying on the absence of prejudice in this situation would read "[t]he word 'excusable' . . . out of the rule." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

---

[3] "Excusable neglect" and "good cause" – the two reasons for which a Court may extend a litigant's deadline for filing a notice of appeal – are not interchangeable. "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Sanders v. Vargas*, No. 11-C-405, 2012 WL 2254200, at *1 (E.D. Wis. June 15, 2012). However, "[t]he good cause standard applies in situations in which there is no fault—excusable or otherwise." *Id.* Here, Plaintiff's reason for failing to timely file a notice of appeal was within his control, so the good cause standard does not apply. *See id.*

More important to the Court's analysis is the reason that the litigant is requesting an extension of time. *See Sherman v. Quinn*, 668 F.3d 421, 425-27 (7th Cir. 2012). For example, in *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228 (7th Cir. 1990), the Seventh Circuit allowed a defendant to continue with its appeal in spite of filing a late notice because confusing post-judgment filings by the plaintiff complicated the docket and induced the defendant into making the "natural" mistake of assuming an earlier – and invalid – notice of appeal was, in fact, valid. *Id.* at 230-234. However, litigants cannot establish excusable neglect simply because they failed to properly calculate a deadline. *See McCarty*, 528 F.3d at 544 (citing *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)) ("A simple case of miscalculating a deadline is not a sufficient reason to extend time, and judges do not have "carte blanche" authority to allow untimely appeals."); *Raven v. Madison Area Technical Coll.*, 443 F. App'x 210, 212 (7th Cir. 2011) (identifying mistakes in calculating the time to appeal as "egregious" errors for which prejudice need not be shown).

Plaintiff has not made a proper showing of excusable neglect. He argues that he was preoccupied with moving, and therefore miscalculated the deadline for filing his appeal. He has not argued that he was induced into making a mistake by Defendant's litigation conduct, that he misunderstood how to calculate the time for appealing, or that obligations related to his move kept him from being able to effectively file his notice of appeal on time. Rather, he argues that he made a mistake in adding thirty days to the date of the final judgment in his case, and he

attributes this mistake to occurrences in his personal life, namely fatigue caused by and preoccupation with his move.

Plaintiff's reason for miscalculating the deadline – busyness in his personal life – is analogous to the reason a litigant missed his deadline to file a notice of appeal in *Sherman*. There, a plaintiff filed a motion to extend the time to file a notice of appeal one day after the time to file a notice of appeal expired. 668 F.3d at 424. He argued that he had good cause for filing a late appeal: his attorney was running for Governor of Illinois, a process that "completely overwhelmed [the attorney's] capacity to complete all tasks before [him]," and resulted in the deadline to file a notice of appeal "slip[ping] through the cracks." *Id*. Under that circumstance, the Seventh Circuit held that the district court abused its discretion in allowing the plaintiff to file a late notice of appeal. *Id*. at 427. There, counsel was "overloaded with obligations," that were personal in nature, voluntary, and not marked with the type of professional altruism that has occasionally excused missed deadlines. *Id*. This did not amount to excusable neglect. *Id*.

The Court recognizes that moving residences can be a physically taxing and logistically difficult endeavor. However, this personal busyness is not the type that can excuse missing the deadline for filing a notice of appeal. *See id*. Moreover, the Court notes that Plaintiff was able to do all that was necessary to file a notice of appeal and did so under correct assumptions as to how to calculate the deadline for filing a notice of appeal. He simply failed to consult a calendar. Although this may seem like an ordinary inconsequential oversight, it is not: "[d]epriving one's case of a prerequisite for appellate review can hardly be considered a 'relatively minor

9

mistake." *See McCarty*, 528 F.3d at 545 (7th Cir. 2008). The Court concludes that Plaintiff's reason for not filing a timely notice of appeal cannot satisfy the excusable neglect standard.[4]

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Extension of Time to File Notice of Appeal (Doc. 95) is DENIED. Plaintiff's Objection to Defendant's Bill of Costs (Doc. 94) is OVERRULED, and Defendant's Bill of Costs (Doc. 89) is GRANTED. The Court awards Defendant $1,134.70 as costs in this case. Such costs shall be taxed in favor of Defendant and against Plaintiff, and the Clerk is directed to enter an amended judgment to this effect.

Entered this 21st day of July, 2015.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[4] The Court recognizes that Plaintiff has represented himself throughout much of this litigation, including its final stages. This alone cannot help Plaintiff. Pro se litigants are not accorded the same slack with respect to deadlines as they are with filings. Although the Court will liberally construe pro se filings (and has liberally construed Plaintiff's filings), litigants are not entitled to enlarged filing deadlines because they are pro se. *Raven*, 443 F. App'x at 212.